**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

LEIGH COBB,

Plaintiff,

v.

PORTFOLIO RECOVERY ASSOCIATES, LLC,
PRA GROUP, INC. and ALLY BANK,

Defendants.

Case No. 26-2178-AJP-BGS

**ORDER ON MOTION TO STAY AND MOTION FOR PROTECTIVE ORDER**

Before the Court are the Motion to Stay Discovery (Doc. 43) and Motion for Protective Order (Doc. 46) filed by Defendant Ally Bank. For the reasons set forth herein, the motions are **DENIED**.

**I. Factual Background.**

This case was filed on April 3, 2026, regarding consumer debt collection and credit reporting. (Doc. 1.) Plaintiff alleges that Defendants attempted to collect and report a fraudulent debt after Defendant Ally allegedly determined the account was not legitimately opened in Cobb's name and that she was not responsible for payment. (*Id.*) Defendants filed motions to dismiss on June 1, 2026, and July 9, 2026. (Docs. 14, 15, 24.) These dispositive motions remain pending before the District Judge.

The undersigned Magistrate Judge set a scheduling conference for August 18, 2026. (Doc. 26.) The resulting Scheduling Order includes a discovery deadline of March 12, 2027. (Doc. 34.) The undersigned notes that counsel for Defendant Ally did not request a stay of discovery at the time of the Scheduling Conference.

Following the entry of the Scheduling Order, Plaintiff served her first interrogatories and requests for production on Defendants on August 26, 2026. (Doc. 36.) Defendant Ally describes the

20 document requests and 10 interrogatories served on it as "sweeping in scope." (Doc. 43, at 3.) According to Defendant Ally, the discovery requests "demand [its] complete account files, all system and dispute notes, all communications with third parties, comprehensive policies and procedures for handling identity theft claims and credit reporting disputes, and even pattern-and-practice data regarding all accounts Ally sold to Portfolio and later recalled after accepting fraud claims." (*Id.*) Defendant Ally also asserts that on September 11, 2026, Plaintiff requested a corporate representative to be deposed on 10 topics. (*Id.*)

Defendant Ally moves to stay discovery propounded on it pending the outcome of its motion to dismiss. (*See generally id.*) It also – redundantly – moves for a protective order preventing Plaintiff from continuing to seek discovery from it. (*See generally* Doc. 46.)

The Court notes that Defendant Ally did not comply with the Court's requirement for a pre-motion telephone conference with the Court before filing a discovery-related motion. (Doc. 34; *see also* D. Kan. Rule 37.1.) Defendant Ally, citing Supreme Court and Tenth Circuit opinions that do not address D. Kan. Rule 37.1, argues that "[t]his is not a discovery dispute of the kind the L.R. 37.1(a) conference procedure addresses." (Doc. 53, at 2.) The Court does not agree with Defendant. That stated, the Court will decide Defendant's motion on substantive, rather than technical, grounds.

## II. Legal Analysis.

It is well-established that courts have broad discretion to manage and/or stay discovery. *McDaniel v. Lakeview Vill., Inc.*, No. 23-2090, 2023 WL 4198601, at *1 (D. Kan. June 27, 2023). As the party moving for a stay and/or protective order, Defendant Ally has the burden to establish good cause. *Cargill Meat Sols. Corp. v. Premium Beef Feeders, LLC*, No. 13-1168, 2015 WL 3937395, at *1 (D. Kan. June 26, 2015).

It is also well-established that this District "generally disfavors" stays of discovery pending the resolution of dispositive motions. *Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994). That

stated, recognized exceptions exist when "(1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to the defendant's immunity from suit." *Citizens for Objective Public Educ. Inc. v. Kansas State Bd. of Educ.*, No. 13-4119-KHV, 2013 WL 6728323, *1 (D. Kan. Dec. 19, 2013). Defendant Ally argues that "[e]ach of these exceptions independently supports a stay here, and several apply in combination."[1] (Doc. 46, at 2.)

The undersigned does not find this to be one of the rare instances in which a stay of discovery is justified. First, Defendant Ally has conceded that "[t]he case will continue against Portfolio regardless of the outcome of Ally's motion." (Doc. 43, at 9.) Second, Plaintiff has asserted that the records requested from Defendant Ally "are the primary evidence of what happened," and will be requested from Defendant Ally regardless of whether they remain in the case. (Doc. 49, at 6.) Thus, a stay would merely delay the discovery, not avoid it altogether – meaning the requested discovery is not wasteful or unduly burdensome.

Further, while the undersigned Magistrate Judge does not presume to predict how the District Judge Anthony Powell will rule the motion to dismiss, this is not a case in which the likely outcome of the dispositive motion is clear. After review of the briefing regarding the motion to dismiss filed by Defendant Ally, the Court cannot say that this action is "likely" to be concluded via a ruling on that dispositive motion. *See Green v. Blake*, No. 18-2447-CM-JPO, 2020 WL 618602, at *1 (D. Kan. Feb. 10, 2020). Thus, the Court declines to enter the requested stay and/or protective order regarding the discovery propounded by Plaintiff on Defendant Ally. Defendant Ally's motions (Docs. 43 and 46) are **DENIED**.

---

[1] Despite this assertion, the Court notes that Defendant's dispositive motion does not argue that immunity from suit is a basis for dismissal. (*See generally* Doc. 24.)

IT IS SO ORDERED.

Dated October 13, 2026, at Wichita, Kansas.

/s/Brooks G. Severson
Brooks G. Severson
United States Magistrate Judge